UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA A. JAMISON, | No. 2:16-cv-00422-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| BANK OF AMERICA, N.A., | |
| Defendant. | |

Plaintiff's suit challenges the distribution by defendant Bank of America (BANA) of mortgage payoff statements to plaintiff and others similarly situated, and fees charged for faxing payoff statements. BANA's motion to dismiss plaintiff's First Amended Complaint is before the court. Mot., ECF No. 40. This matter was submitted after a hearing, at which Matthew Insley-Pruitt, Patricia Avery and A. Chowning Poppler appeared for plaintiff and Amanda Groves and Deepi Punia appeared for BANA. ECF No. 44. As explained below, the court GRANTS BANA's motion to dismiss.

I. PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

    A. Original Complaint and BANA's Motion to Dismiss

Plaintiff filed her original complaint against BANA on February 26, 2016. ECF No. 1. In her complaint, she alleged, in relevant part, that BANA: (1) violated the Truth in

1

Lending Act of 1968 (TILA), 15 U.S.C. § 1601 *et seq.*, and TILA's implementing regulation, Regulation Z, 12 C.F.R § 1026 *et seq.*, by failing to disclose insurance claim proceeds in mortgage payoff and periodic statements; and (2) violated the California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 *et seq.*, by charging a fax fee for a payoff statement sent by mail. *See generally* ECF No. 1. BANA moved to dismiss plaintiff's complaint in part for: 1) lack of standing as to her TILA and Regulation Z claims, and 2) failure to state a cognizable UCL claim. *See generally* ECF No. 9.

The court granted BANA's motion to dismiss plaintiff's TILA claim on standing grounds, with leave to amend. *See* Prior Order 14, ECF No. 26. The court concluded the allegation of a statutory violation of TILA, standing alone, was not sufficient to satisfy the statute's "injury" requirement, because plaintiff did "not provide factual allegations establishing any harm [] suffered as a result of defendant's actions." *Id.* at 7 (citing *Spokeo, Inc. v. Robins*, __ U.S. __, 136 S. Ct. 1540, 1550 (2016) (". . . [N]ot all inaccuracies cause harm or present a material risk of harm.")). Specifically, the court noted plaintiff did not plead any harm as a result of BANA's failure to disclose insurance proceeds in mortgage payoff and periodic statements. *Id.*

As to plaintiff's UCL claim, defendants did not raise a standing argument, and instead argued the complaint's allegations did not support a UCL violation. ECF No. 9 at 20. The court denied defendants' motion in this respect and concluded plaintiff's allegation that BANA charged a $5.00 fax fee for mailing a payoff statement was sufficient to state a claim under the "unlawful" prong of the UCL. Prior Order at 13 (citing 12 C.F.R. § 1026.34(a)(9)(i)). The court did note, however, plaintiff's UCL claim could be undermined if a third party requested the payoff statement. *Id.*

B. First Amended Complaint and BANA's Motion to Dismiss

Plaintiff then filed the operative First Amended Complaint, alleging many of the same facts giving rise to the original complaint. *See* First Amended Complaint (FAC), ECF No. 31. Plaintiff again claims BANA (1) violated the TILA, 15 U.S.C. § 1601 *et seq.*, and TILA's implementing regulation, Regulation Z, 12 C.F.R. § 1026 *et seq.*, by not providing

2

homeowners with accurate payoff statements of their insurance claims; and (2) violated California's UCL by charging a fax fee for providing a payoff statement when the statement was instead sent by mail. *Id.* ¶¶ 82–95. Plaintiff also brings these claims on behalf of a putative class, alleging she could fairly and adequately represent class action claims. *Id.* ¶¶ 72, 79.

The amended complaint also includes allegations of the harm BANA's violations of TILA and Regulation Z caused plaintiff individually, including: (1) by depriving her of the ability to provide accurate information to several lenders when she applied to refinance her mortgage, *id.* ¶ 58; (2) by depriving her of the ability to correct mistakes that "may have been made by credit agencies in assessing her credit score," *id.* ¶ 65; (3) by causing her to lose track of the insurance proceeds available for either repairing her home or reducing her outstanding mortgage balance, *id.* ¶ 3; (4) by causing her to receive the "run-around" from Bank employees when she attempted to discuss her loan status, *id*; (5) by causing her "economic injury and emotional distress," *id.* ¶ 89; and (6) by causing BANA to deny her request to remove her mortgage insurance coverage, *id.* ¶ 3.

BANA now moves to dismiss all of plaintiff's claims under Rule 12(b)(1) for lack of standing. BANA contends plaintiff has not established standing as to her TILA and Regulation Z claims because her "manufactured allegations of harm" have nothing to do with the disclosures on her payoff statements. Mot. at 7. Regarding the UCL claim, BANA contends plaintiff lacks standing because BANA released information to Fidelity Funding, which serviced her loan, in response to a "fax[] demand" statement from Escrow Today, *id.*, a company plaintiff concedes worked on behalf of Fidelity, *see* Opp'n 12, ECF No. 42. BANA further contends it notified plaintiff of this charge before sending the fax through monthly bank statements. Mot. at 23 (citing Punia Decl. ¶ 21, Ex. T, ECF No. 40-2). Plaintiff's monthly statements do include the following language at the bottom of the fourth page:

> Payoff: You can request a payoff quote by calling 1.800.669.5833. If a third party will be requesting a payoff quote on your behalf, you must authorize the third party to make the request. A fax fee may apply if you or a third party want the payoff quote faxed. If so, the amount of the fee will be disclosed at the time the expedited delivery is requested.

Punia Decl. ¶ 21, Ex. T.  Because Fidelity, the lender handling her loan refinancing application, requested plaintiff's information, BANA contends plaintiff cannot properly allege harm from BANA's conduct.  Mot. at 23 (citing Punia Decl. Ex. Q at 86).

Plaintiff opposes the instant motion.  Opp'n.  Regarding the TILA and Regulation Z claim, plaintiff contends the statutory violation alone establishes concrete injury.  *Id.* at 11.  Regarding the fax fee, she denies authorizing it, and maintains that the $5.00 charge establishes concrete injury.  *Id.* at 22.  BANA has replied.  Reply, ECF No. 43.

II. <u>LEGAL STANDARDS</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) contests the court's subject matter jurisdiction.  *See, e.g., Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039–40 (9th Cir. 2003).  When a party moves to dismiss for lack of subject matter jurisdiction, "the plaintiff bears the burden of demonstrating that the court has jurisdiction."  *Boardman v. Shulman*, No. 12–00639, 2012 WL 6088309, at *2 (E.D. Cal. Dec. 6, 2012), *aff'd sub nom. Boardman v. C.I.R.*, 597 F. App'x 413 (9th Cir. 2015).  Standing to sue is a necessary component of the court's subject matter jurisdiction.  C*etacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).  Accordingly, if a plaintiff lacks standing, the court lacks subject matter jurisdiction under Article III of the U.S. Constitution.  *Id.*

To establish standing, (1) the plaintiff must have suffered an "injury-in-fact," (2) there must be a "causal connection between the injury and the conduct complained of," and (3) it must be likely that the injury will be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).  To find an "injury in fact," the plaintiff must demonstrate "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical."  *Id.* at 560 (internal citations and quotation marks omitted).

A Rule 12(b)(1) jurisdictional attack on standing grounds may be facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  In a facial attack, the challenger asserts the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  *Id.*  In a

4

factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id*.

In resolving a factual attack on jurisdiction, the district court need not presume the truthfulness of the plaintiff's allegations and may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage*, 343 F.3d at 1039 n.2 (citing *White*, 227 F.3d at 1242). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.*; *Safe Air*, 373 F.3d at 1039.

III. DISCUSSION

As explained below, plaintiff cannot establish standing to bring her TILA and Regulation Z claim or her UCL claim, so dismissal of her individual claims is warranted.

    A.    TILA and Regulation Z Claim

        1.    Standards

TILA was enacted "to assure a meaningful disclosure of credit terms" so the consumer can "compare . . . the various credit terms available to him and avoid the uninformed use of credit," and to "protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). To effectuate this remedial purpose, courts "construe the Act's provisions liberally in favor of the consumer." *Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1118 (9th Cir. 2009) (internal quotation marks and citations omitted).

To the extent relevant here, TILA provides "[a] creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower." 15 U.S.C. § 1639g. Regulation Z, which implements TILA, provides in relevant part, "a creditor, assignee or servicer, as applicable, must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date." 12 C.F.R. § 1026.36(c)(3). The federal Consumer Financial Protection Bureau is

responsible for enforcing Regulation Z, and has explained "payoff statements should be issued according to the best information available at the time." 78 Fed. Reg. 10902 (Feb. 14, 2013).

Plaintiff contends TILA and Regulation Z require lenders to include the existence of insurance proceeds in their payoff statements. FAC ¶ 22; Opp'n at 5. The Ninth Circuit has not addressed this issue, but a sister district court has. *McLaughlin v. Wells Fargo Bank, NA*, No. 15-02904, 2015 WL 10889993 (N.D. Cal. Oct. 29, 2015), found the plaintiff stated a cognizable TILA claim by alleging the lender did not disclose the existence of insurance proceeds in a payoff statement. *Id.* at *1–2. In its prior order, this court found *McLaughlin* persuasive. Prior Order at 9. Nonetheless, as explained below, plaintiff still has not alleged sufficient injury to establish standing to bring her TILA and Regulation Z claim.

### 2. Concrete Injury Allegations

Even if the court assumed the truth of each of plaintiff's alleged injuries, which it need not do in resolving a Rule 12(b)(1) motion, the allegations would not establish concrete injury.

Plaintiffs' first three alleged injuries—the inability to provide accurate information to lenders, to correct mistakes that "may have been made by credit agencies in assessing her credit score," or to properly track her insurance proceeds—are not "concrete." Without "harm" or a "material risk of harm" there can be no standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. at 1550; *see also Nokchan v. Lyft, Inc.*, No. 15–03008, 2016 WL 5815287, at *4 (N.D. Cal. Oct. 5, 2016) (no standing where plaintiff alleged defendant obtained "extraneous information" from background check after failing to inform plaintiff of Fair Credit Reporting Act rights, because plaintiff suffered "no real harm."). Plaintiff has not alleged her loan refinance application was denied on the basis of inaccurate payoff statements, that the inaccurate payoff statements affected her credit score, or that she was unable to repair her home or use the insurance proceeds to reduce her outstanding mortgage balance. In sum, plaintiff has not identified a material risk of harm, and cannot establish standing based on her first three alleged harms.

Plaintiff also alleges she was harmed when she received the "run-around" from bank employees while attempting to discuss her loan status. FAC ¶ 3. To support her contention

that this run-around amounts to concrete injury, plaintiff cites to *McLaughlin v. Wells Fargo Bank, NA*, No. 15–02904, 2015 WL 10889993, at *1 (N.D. Cal. Oct. 29, 2015) (*McLaughlin I*) and *McLaughlin v. Wells Fargo Bank, NA*, No. 15–02904, 2016 WL 3418337, at *6 (N.D. Cal. June 22, 2016) (*McLaughlin II*). Both cases are distinguishable from plaintiff's. In *McLaughlin I*, the court did not consider whether defendants' TILA violation caused concrete harm. 2015 WL 10889993, at *1. In *McLaughlin II*, the court found the "run-round" the plaintiff was given while trying to refinance her loan amounted to concrete injury and "prejudice," but the basis for that finding was the plaintiff's imminent threat of foreclosure. 2016 WL 3418337, at * 2. Here, in contrast, plaintiff does not face foreclosure proceedings, allege any other time sensitive matter, or allege prejudice other than the inconvenience of being subjected to the run-around. Mere inconvenience occasioned by being subjected to a run-around is insufficient to confer standing. *See Spokeo*, 136 S. Ct. at 1550.

Plaintiff's fifth alleged harm of "economic injury and emotional distress" is unsupported and similarly insufficient. *See* FAC ¶ 89. In the absence of allegations supporting this assertion, the court need not assume such "conclusory allegations" establish concrete injury. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 169 (2000).

Finally, plaintiff alleges she was injured when she attempted to have her mortgage insurance coverage removed and was denied, in part, because of the Bank's failure to appropriately account for the funds. FAC ¶ 3. Plaintiff does not allege BANA's failure to inform plaintiff of her insurance proceeds is what caused her denial of coverage. In other parts of her complaint she alleges she was unsuccessful in removing her mortgage coverage because BANA did not receive one or more monthly payments. *Id.* ¶ 53. Plaintiff's late payments alone could disqualify her from removing her mortgage coverage; in the absence of allegations showing an accurate payment statement would have changed the bank's position, plaintiff has not alleged concrete injury. This conclusion aligns with that in *Dutta v. State Farm Mut. Auto. Ins. Co.*, No. 14–04292, 2016 WL 6524390, at *3 (N.D. Cal. Nov. 3, 2016), in which the plaintiff alleged defendants' Fair Credit Reporting Act (FCRA) violation caused him to lose out on the job he applied for. *Id.* The district court explained because the plaintiff's background check revealed he

7

had made "fifteen late payments on two separate accounts," he had no chance of getting hired regardless of the alleged FCRA violations, and therefore could not plausibly allege the violations caused the harm. *Id.* Accordingly, the *Dutta* court found the plaintiff could not establish standing. *Id.* Similarly here, plaintiff's concession that she missed payments, which alone could have caused the denial of her request to remove mortgage coverage, precludes construing the complaint as alleging concrete injury based on BANA's failure to inform plaintiff of her insurance proceeds.

At bottom, plaintiff has not established concrete injury due to BANA's failure to disclose her insurance claim proceeds in her payoff statements. Without a concrete injury resulting from BANA's TILA violation, plaintiff cannot establish standing to bring this claim. Accordingly, the court DISMISSES plaintiff's TILA and Regulation Z claim for lack of standing. At hearing, plaintiff conceded she suffered no other potential injuries as a result of defendants' alleged TILA violation. Accordingly, the dismissal is without leave to amend. The court now turns to BANA's motion to dismiss plaintiff's UCL claim.

B. UCL Claim

Plaintiff contends she has standing to bring her UCL claim because BANA unfairly charged her a $5.00 fax fee for the February 5, 2016 payoff statement, which she received only by mail. Opp'n at 20. Defendant argues this fee cannot establish concrete injury because the fee was for a payoff statement it faxed to a third party after plaintiff expressly authorized the third party to receive the information, and was not attributable to a payoff statement mailed to plaintiff. Mot. at 22. Before assessing whether plaintiff has established standing, the court reviews the legal standard governing a UCL claim.

1. Legal Standards

The UCL prohibits unfair competition, which is defined as any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Courts construe the statute as prohibiting acts or practices that are (1) unlawful, (2) unfair, or (3) fraudulent. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). To assert a UCL claim, a private plaintiff needs to have "suffered injury in fact and . . . lost money or property as

a result of the unfair competition." *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010). The UCL also requires a "causal connection" between the defendant's violation and the plaintiff's injury. *Id.*

In her First Amended Complaint, plaintiff bases her UCL claim on BANA's alleged violation of Regulation Z, which she argues amounted to an "unlawful" business practice. *See* FAC ¶ 92. Regulation Z generally prohibits servicers from charging a fee for providing a consumer, or a person authorized by the consumer, payoff statements. 12 C.F.R. § 1026.34(a)(9)(i). Although Regulation Z allows a servicer to charge a processing fee to cover the cost of providing a payoff statement by fax or courier, it requires the servicer to make the statement available by a method other than by fax or courier and without charge. *Id.* § 1026.34(a)(9)(ii).

2. Discussion

Here, BANA presents several pieces of evidence, which on balance show plaintiffs cannot establish standing to proceed on her UCL claim. Specifically, BANA submits a borrowers' certification and authorization form showing plaintiff authorized Fidelity to obtain statements and documents for her loan refinancing application process, Punia Decl. Ex. Q at 86, which plaintiff does not dispute, *see* Opp'n at 22. BANA also presents a bank statement specifically noting "[a] fax fee may apply if you or a third party want the payoff quote faxed." Punia Decl. Ex. T at 101. Plaintiff does not dispute this fact or contend she did not receive the monthly statement. Opp'n at 23 (citing Isley-Pruitt Decl. Ex. T 11, ECF No. 42-10). The bank statement BANA points to was sent on December 7, 2015, and BANA did not charge plaintiff the $5.00 fax fee until February 5, 2016. *Id.*; *see also* Punia Ex. S at 93. BANA also presents evidence showing Escrow Today, which plaintiff concedes performed work on behalf of Fidelity, *see* Opp'n at 12, requested a faxed payoff statement. Punia Decl. Ex. S at 94. Lastly, BANA points to the following text included in the payoff statement it sent Escrow Today:

> Bank of America, N.A. provides free estimated payoff information through an automated telephone system at 1.800- 669 -5833, if all payoff figures a[re] available. You have elected to purchase Bank of America, NA.'s written expedited payoff service via facsimile,

9

|   | for a charge of $5.00, which includes free automatic updates through the expiration of the payoff statement. |

*Id.* at 95.

Plaintiff contends nothing in her February 2016 payoff statement indicates it was sent to or requested by a third party or that a third party was the reason for the fee. Opp'n at 12 n.6. But plaintiff does not dispute she received a monthly statement, before February 2016, noting a fax fee may apply from a third party request. *See* Punia Decl. Ex. T at 101. Plaintiff's contention is unavailing.

Plaintiff also contends BANA charged her for a delivery method she did not want or request. Opp'n at 22. But according to the disclosures printed on at least one of her bank statements, BANA could charge the fee without plaintiff's specific request if the request came from a third party. *See* Punia Decl. Ex. T at 101.

Lastly, plaintiff contends defendant's attempt to attack the merits of her UCL claim under the guise of a standing argument. *See* Opp'n at 10–11 (citing *Carlson v. United States*, 837 F.3d 753, 759 (7th Cir. 2016); *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 909 (8th Cir. 2016); *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 676–77 (7th Cir. 2009)). The nonbinding cases plaintiff cites are distinguishable. In *Carlson* and *Carlsen*, for example, the courts of appeals reviewed facial rather than factual challenges to standing, and thereby construed all the allegations in the plaintiffs' complaints as true. *Carlsen*, 833 F.3d at 908 (analyzing standing question as a facial challenge and "consider[ing] only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint."); *Carlson*, 837 F.3d at 758 (relying solely on plaintiff's "colorable claim" to determine standing). In *Kohen*, which involved a class action, the court did not even consider defendants' standing argument that one of two named plaintiffs did not suffer damages, and instead concluded standing was satisfied because at least "one member of a certified class ha[d] a plausible claim to have suffered damages." *Kohen*, 571 F.3d at 676.

Here, defendant has brought a factual challenge and supplied evidence to successfully undermine plaintiff's standing. To the extent plaintiff alleges BANA's $5.00 fax fee

caused her injury, that injury was not caused by a Regulation Z violation, and therefore the court could not redress this alleged "injury" through a favorable decision. *Lujan*, 504 U.S. at 560–61.

Defendants' motion to dismiss plaintiff's UCL claim is GRANTED.

C. <u>Standing and Class Action</u>

Where there is one named plaintiff representing an entire proposed class, and that named plaintiff lacks standing, the class action suit must be dismissed. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003). Where a plaintiff "never had standing," substitution of another representative cannot cure the defect. *Id.*; *see also Williams v. Boeing Co.*, 517 F.3d 1120, 1136 (9th Cir. 2008) (affirming district court's decision to decertify class where plaintiff did not have standing). As noted in a leading treatise:

> [I]f a case has only one class representative and that party does not have standing, then the court lacks jurisdiction over the case and it must be dismissed; if the case only had this one class representative from the outset, then there is no opportunity for a substitute class representative to take the named plaintiff's place because this means that the court never had jurisdiction over the matter.

Newberg on Class Actions § 2:8 (5th ed. 2013). Here, plaintiff is the sole representative of the putative class in this case. Because she lacks standing, the court has no jurisdiction over this matter and cannot resolve the class action claims. *See Lierboe*, 350 F.3d at 1023.

IV. <u>CONCLUSION</u>

The court GRANTS BANA's motion to dismiss both plaintiff's TILA and Regulation Z claim and her UCL claim under 12(b)(6), without leave to amend. Because plaintiff cannot establish standing, the court DISMISSES the putative class action for want of jurisdiction, without prejudice.

This order resolves ECF No. 40, and this case is CLOSED.

IT IS SO ORDERED.

DATED: August 8, 2017.

_____
UNITED STATES DISTRICT JUDGE